UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 1:25-cr-361 (DLF) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRANCE KELLY, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its Memorandum in Aid of Sentencing. On December 4, 2025, the defendant, Terrance Kelly, pleaded guilty to a one-count Information, charging him with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Felony, in violation 18 U.S.C. § 922(g)(1).

For the reasons herein, and based on the 18 U.S.C. § 3553(a) factors, the United States requests that the Court sentence the defendant to a period of 21 months' incarceration, based on agreement reached by the parties, pursuant to Fed. R. Crim. Proc. 11(c)(1)(C). The United States further requests that the Court impose a period of three years of supervised release.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

On August 28, 2025, Special Police Officers ("SPOs") detained the Defendant in Southeast, Washington, D.C. for threatening one of the SPOs. *See* ECF No. 26, p.2. When the defendant was being detained, the defendant voluntarily handed a small satchel he had been wearing to one of the SPOs. *Id*. The satchel contained one Glock 23 .40 caliber handgun, Serial No. BSYK679, that contained a 22-cartridge capacity magazine. *Id*. The magazine contained 18 cartridges, and there was one cartridge loaded in the chamber of the handgun. *Id*.

1

While the defendant was threatening the SPO, the SPO reported that the defendant smelled strongly of alcohol and had slurred speech. *See* ECF. No. 1-1.

At the time of the offense, the Defendant had a prior conviction in D.C Superior Court (Case No. 2015-CF2-15177) for a crime punishable by imprisonment for a term exceeding one year. The Defendant knew that the crimes were punishable by a term exceeding one year as he had, in fact, received a sentence exceeding one year.

The Defendant was arrested on August 28, 2025, and was initially charged by complaint and detained pending trial. On December 4, 2025, the defendant pleaded guilty to the Information.

## II.     Statutory Penalties And The Sentencing Guidelines

The United States concurs with the assessment of the United States Probation Office for the District of Columbia regarding the total offense level applicable in this case, the defendant's criminal history score, and the resultant USSG range. The United States agrees that the base offense level in this case is 20 pursuant to USSG § 2K2.1(a)(4)(B). *See* ECF No. 29 (Final Presentence Investigation Report ("PSR")) ¶ 16. Given the defendant's acceptance of responsibility, there should be a three-level reduction, bringing the total adjusted offense level to 17. *Id.* ¶ 21.

The United States further agrees, based on the documentation available to the PSR writer about the defendant's prior convictions, that the defendant's criminal history score is 8, which places him in Criminal History Category IV. *Id.* ¶ 39. Accordingly, an offense level of 17 at a Criminal History Category IV places the defendant's Guidelines range at 37 to 46 months of incarceration.

The United States and the defendant entered into a plea agreement pursuant to Fed. R. Crim. Proc. 11(c)(1)(C) and agreed that a sentence of 21 to 27 months of incarceration, followed by three years of supervised release would be appropriate in this case.  *See* ECF No. 25, p. 2.

### III.     DISCUSSION AND SENTENCING RECOMMENDATION

When determining the appropriate sentence, the district court should consider all of the applicable factors set forth in Title 18, United States Code, Section 3553(a).  *See United States v. Gall*, 128 S. Ct. 586, 596 (2007).  These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment; (3) the Sentencing Guidelines and related Sentencing Commission policy statements; and (4) the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

The United States recommends that the Court sentence the defendant to a term of 21 months' incarceration followed by three years of supervised release.  Under the totality of circumstances, including the nature and seriousness of the offense and the defendant's history and characteristics (which includes prior convictions for unlawful possession of a firearm and assault on a police officer), the United States submits that such a sentence of incarceration serves the interests of justice and appropriately balances the sentencing factors under 18 U.S.C. § 3553(a).

### IV.     Nature And Circumstances Of The Offense And History And Characteristics Of The Defendant

As described in the Factual Background, the nature and circumstances of the defendant's offense warrant a 21-month sentence.  The defendant not only unlawfully possessed a firearm, but he possessed a loaded firearm, with a high-capacity, extended magazine, and a round in the

chamber. And he was carrying that firearm on his person when he was threatening a SPO and while he appeared to be intoxicated.

As outlined in the Presentence Report, the defendant has eight adult convictions between 2006 and 2025, including three convictions for driving under the influence, two convictions for assault, two convictions for unlawful possession of a firearm, and convictions for both resisting a public officer and assault of a police officer. Additionally, the defendant was on supervised probation when he committed the instant offense. PSR ¶ 29-36. The defendant has been detained since his arrest. Clearly neither the defendant's previous convictions nor supervision have had a deterrent effect on the defendant's behavior.

This case was the latest instance in a longstanding pattern of criminal conduct involving the defendant unlawfully carrying firearms, drinking, and assaulting law enforcement and others. The defendant's criminal history reflects a lack of respect for the rule of law and for the safety of the community.

### V.    The Need For The Sentence To Be Imposed

Under the totality of the circumstances, a 21-month sentence of incarceration serves the interests of justice and appropriately balances the sentencing factors under 18 U.S.C. § 3553(a). The United States credits the defendant's acceptance of responsibility in this case but also recognizes that a sentence of 21 months reflects the seriousness and dangerousness of his conduct. Despite serving multiple sentences of incarceration ranging from 30 days to 30 months, the

defendant has continuously displayed callous disregard for the rule of law and the safety of the community.

As such, a 21-month period of incarceration is appropriate to deter him from further illicit firearms activity, to protect the community, and to signal to the defendant that there are real costs for repeatedly flouting the law and the terms of his supervised release.

## VI. CONCLUSION

For the foregoing reasons, the United States recommends that the defendant, Terrance Kelly, be sentenced to 21 months' incarceration to be followed by a term of three years' supervised release.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

/s/ *Kate M. Naseef*
KATE M. NASEEF
Assistant United States Attorney
VA Bar Number 87850
Violent Crime and Narcotics Trafficking Section
601 D Street, N.W.
Washington, D.C. 20530
Office: 202-252-1796
Kate.Naseef2@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on this date, a copy of the foregoing motion was served on counsel of record for the defendant via electronic filing.

                                                                /s/ Kate M. Naseef
                                                              KATE M. NASEEF
                                                               Assistant United States Attorney