UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

United States of America            )
                                    )
   v.                               )        USDC No. 25-cr-361 (DLF)
                                    )
Terrance Kelly,            *defendant*.   )

## DEFENDANT'S SENTENCING MEMORANDUM (CORRECTED)

Defendant, through undersigned counsel Nathan I. Silver, II, Esq., appointed by this

Court under the Criminal Justice Act, submits this memorandum to aid him at his sentencing on

March 3, 2025 at 2 o'clock p.m. when he appears before the Court for sentencing following his

plea of guilty to one count of Unlawful Possession of a Firearm and Ammunition by a Person

Convicted of Felony, in violation of 18 U.S.C. §922(g)(1)..

The defendant faces under the statute a term of incarceration of up to fifteen (15) years in

prison, up to three (3) years of supervised release, a fine up to $250.000; an obligation interest on

fines and restitution, where it might apply, and a special assessment of $100.

Counsel and defendant reviewed the Draft Presentence Report (Doc. 27, filed Jan. 30,

2026) and do not dispute its essential findings.  It concludes that the proper guideline range is

37-46 months, representing a Base Offense Level of 20, reduced by three (3) levels for

acceptance of responsibility for a Total Offense Level of 17,  and a Criminal History Category

IV, based on eight (8) criminal history points. (Presentence Report ["PSR"], page 22, ¶88)   This

coincided with the estimate in the Plea Agreement ("Agreement") (Doc. 24, Dec. 4, 2025)  the

parties reached in the case. (PSR, page 3, ¶¶4-5)

Though counsel was not a party to the actual plea negotiations and the terms which emerged from them, one must conclude that the government assessed both the defendant's conduct and his criminal history before it committed to the Agreement's terms. It takes into account that the defendant was on supervision at the time he committed the instant offense, which resulted in an additional criminal history point under USSG §4A1.1(e). (PSR, page 14, ¶38; *see also* "Government's Memorandum in Support of Pretrial Detention," Doc. 8, "§4: The Defendant's History and Characteristics Merit Detention," pages 5-6)[1] As a result, the defendant would be facing revocation of his probation in that case, possibly resulting in a further period of incarceration.

The Agreement itself was drafted and offered to the defendant before counsel entered his appearance. It was negotiated with the government by counsel's predecessor, Adam Harris, Esq. As a result of negotiations, the government agreed to permit the defendant to plead guilty provisionally under Fed.Crim.R. 11(c)(1)(C) with a recommended guideline range of 21-27 months. The government agreed that it would cap its allocution at 21 months, the low end of the proposed range, with a period of three (3) years supervised release. (Doc. 25, page 2, ¶4)

In addition, the parties agreed that the defendant would "reserve() the right to seek a sentence below this range based upon factors to be considered in imposing a sentence pursuant to 18 U.S.C. §3553(a)." (Id.)

---

[1] A bench warrant was issued in D.C. Superior Court case 2025-FD3-000641 on Nov. 6, 2025 and remains outstanding. This is the predicate for finding the defendant committed the instant offense while under supervision. Review of the Superior Court's Court View confirms this.

With that context, the defendant urges the Court to impose a sentence of incarceration no greater than 21 months, the low end of the proposed range.[2]

18 U.S.C. §3553(a) presents the following factors the Court must consider in imposing a sentence:  (a) Factors To Be Considered in Imposing a Sentence. - The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider - (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed - (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner….

Once counsel entered his appearance and was able to consult with the defendant and resolve any questions he might have about the both the Agreement and other questions regarding whether or he should accept it, the defendant entered his plea.  That period was about six weeks, from October 24, 2025, when counsel was appointed, to Dec. 4, 2025, when the Court accepted the defendant's plea of guilty.

The defendant appears to have a host of problems: a documented history of mental illness; substance abuse, especially alcohol, which has resulted in a number of convictions for Driving Under the Influence and two other arrests[3]; and a spotty employment record. (PSR,

---

[2] Counsel has reviewed this particular section with the defendant. The defendant may choose to allocute orally on his own behalf at sentencing, and seek a sentence below the proposed low end of 21 months.

[3] PSR, page 7, ¶30; page 10, ¶34; page 11, ¶35; page 14, ¶41; page 16, ¶48

pages 20-21, ¶¶66-80)[4] His record of arrests and convictions does not appear to have federal

charges; this would be his first. As such, however, he would stand to benefit from the services

offered first, in the U.S. Bureau of Prisons, and upon release, by the U.S. Probation Office.

Those are likely to involve closer supervision by capable, conscientious officers who work

closely with their charges.  The defendant has in several other cases completed his probation

terms successfully, so he's not a lost soul.  With additional help, he may be able to break this

pattern of recidivism and become a law-abiding member of the community.

     A term of 21 months,  though at the low end of the proposed range, would nonetheless

represent a serious punishment, helping to deter the defendant and others from such future

conduct, thereby promoting respect for the law.

     For all the reasons stated above, the defendant requests that the Court accept the proposal

the parties made under Rule 11(c)(1)(C) and impose a sentence no greater than 21 months.

This pleading is,


Respectfully submitted,

/s/

NATHAN I. SILVER, II
Unified Bar #944314
6300 Orchid Drive
Bethesda, MD 20817
(301) 229-0189 (direct)
(301) 229-3625 (fax)
email: nisquire@aol.com

---

[4] The PSR reports that the defendant does not have the ability to pay a fine. (Page 22, ¶86)

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served via ECF on Kate M. Naseef, Esq., attorney of record, U.S. Attorney's Office for the District of Columbia, this 20th day of February, 2026.

/s/

_____
*Nathan I. Silver, II*